**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| |
|---|
| STRIKE 3 HOLDINGS, LLC,<br>  *Plaintiff*,<br>v.<br><br>JOHN DOE Subscriber assigned IP<br>address 67.189.216.32,<br><br>  *Defendant*. |

No. 3:26-cv-01162 (MPS)

### ORDER GRANTING MOTION FOR LEAVE TO SERVE
### THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

This case is one of hundreds of cases brought in this District since 2017 by the Plaintiff, Strike 3 Holdings, LLC, ("Strike 3") against a "John Doe" defendant identified only by his or her Internet Protocol ("IP") address. Each case follows a similar pattern. Strike 3 alleges that the defendant committed copyright infringement by downloading and distributing plaintiff's adult films using BitTorrent, a peer-to-peer file distribution network. *See* Complaint, ECF No. 1. It then moves pursuant to Fed R. Civ. P. 26(d)(1) for leave to serve a third-party subpoena on defendant's internet service provider ("ISP") before any Rule 26(f) conference for the limited purpose of discovering defendant's identity. *See* Motion for Leave to Serve Third Party Subpoena, ECF No. 11. The motion is granted as a matter of course. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 3:18-cv-1332-CSH, 2018 WL 4846676 (D. Conn. Oct. 5, 2018) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). Additional conditions are often imposed to protect the Defendant's privacy. *See, e.g.*, Order Granting Motion for Third Party Subpoena, *Strike 3 Holdings, LLC v. Doe*, No. 3:18-cv-01555-MPS (D. Conn. Oct. 16, 2018), ECF No. 9; Order Granting Motion for Third Party Subpoena, *Strike 3 Holdings, LLC v. Doe*, No. 3:18-cv-00988-JBA (D. Conn. Jul. 10, 2018), ECF No. 10. After one or more extensions of the pre-trial deadlines,

1

Strike 3 files a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).[1] The merits of the claims are not litigated, and the Court lacks any opportunity to determine whether the third-party subpoena procedures are fairly implemented and effective to protect the privacy interests of defendants identified by their ISPs.

Courts around the nation have expressed concerns that, given the nature of the films at issue, defendants may feel coerced to settle these suits merely to prevent public disclosure of their identifying information, even if they believe they have been misidentified. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 2:18-cv-00824-CB, 2018 WL 3688415, at *1 n.2 (W.D. Pa. Aug. 3, 2018) ("Of particular concern is the possibility that the names and addresses that the service providers will connect to the IP addresses identified in the complaint may not be those of the individuals who actually downloaded the film."); *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-2648-VEC, 2019 WL 78987, at *4 (S.D.N.Y. Jan. 2, 2019) ("As numerous district courts in this Circuit have pointed out, copyright holders such as Plaintiff are repeat litigants who have, in the past, engaged in 'abusive litigation practices,' including coercive settlement practices."); *Strike 3 Holdings, LLC v. Doe*, No. 1:18-cv-2205-RC-GMH, 2018 WL 5297816, at *2 (D.D.C. Oct. 25, 2018) ("[T]here is a real risk that a defendant might be falsely identified and forced to defend themselves against unwarranted allegations or that an innocent defendant may be coerced into an unjust settlement with the plaintiff to prevent the dissemination of publicity surrounding unfounded allegations.") (internal quotation marks and alterations omitted).

At least one district court concluded that the "geolocation technology" that Strike 3 uses to identify alleged-infringers' IP addresses, *see* Compl., ECF No. 1 ¶ 9, is too imprecise to identify

---

[1] "The law is settled that the filing of a notice of dismissal under Rule 41(a)(1)(i) automatically terminates the lawsuit. No action by the court is necessary to effectuate the dismissal." *Thorp v. Scarne*, 599 F.2d 1169, 1171 n.1 (2d Cir. 1979).

the particular individual who downloaded or distributed the content in question. *See Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160, 162 (D.D.C. 2018) ("This [geolocation] method is famously flawed: virtual private networks and onion routing spoof IP addresses (for good and ill); routers and other devices are unsecured; malware cracks passwords and opens backdoors; multiple people (family, roommates, guests, neighbors, etc.) share the same IP address; a geolocation service might randomly assign addresses to some general location if it cannot more specifically identify another."). As a result, the court found that there was a serious risk of misidentification and that the defendant's privacy interest outweighed Strike 3's need for early discovery. *Id.* at 162. The court therefore denied Strike 3's motion for leave to file a third-party subpoena and dismissed the case *sua sponte* because, without the subpoena, Strike 3 would be unable to name and serve the person alleged to have infringed its copyrights. *See id.* at 165–66 ("Armed with hundreds of cut-and-pasted complaints and boilerplate discovery motions, Strike 3 floods this courthouse (and others around the country) with lawsuits smacking of extortion. It treats this Court not as a citadel of justice, but as an ATM. Its feigned desire for legal process masks what it really seeks: for the Court to oversee a high-tech shakedown. This Court declines.").[2]

I do not find that such extreme measures are necessary here. It is true that "the sheer volume of cases commenced by Strike 3 Holdings, and their brief procedural history – commencement of the action, receipt of permission to serve a third-party subpoena on an ISP provider prior to the 26(f) conference, and voluntary dismissal of the actions weeks or months thereafter – is suggestive of coercive settlement practices that this Court does not condone." *Strike 3 Holdings, LLC v. Doe*,

---

[2] Although the decision was reversed on appeal, 964 F.3d 1203 (D.C. Cir. 2020), other courts have cited the D.C. District court's ruling as persuasive. *See Malibu Media, LLC v. Peled*, No. 2:18CV141 (KSH), 2020 WL 831072 at *3-6 (D.N.J. Feb. 20, 2020); *Malibu Media, LLC v. Duncan*, No. 4:19CV2314 (CRE), 2020 WL 567105 at *3-4 (S.D. Tex. Feb. 4, 2020); *Strike 3 Holdings, LLC v. Doe*, No. 20CV4483 (PKC) (JO), 2020 WL 6545896 (E.D.N.Y. Nov. 6, 2020) (collecting cases). *But see e.g. Strike 3 Holdings, LLC v. Doe*, No. 1:18CV1490 (EAW), 2019 WL 1529339 at *3-5 (W.D.N.Y. Apr. 8, 2019) (disagreeing with the D.C. District's analysis).

No. 3:18-cv-1945-JBA-RMS, 2019 WL 1122984, at *3 (D. Conn. Mar. 12, 2019). But Strike 3 should not be prevented from protecting its copyrighted material from infringement solely because it is *possible* to view its past litigation practices as problematic, particularly where there is no evidence suggesting that Strike 3 has acted in bad faith in any case in this district. I find that the plaintiff has established that there is good cause to permit early discovery. The plaintiff has shown: (1) a prima facie case of copyright infringement by "alleging unlawful downloading, copying, and distribution of this work by specifying the type of technology used, the IP address from which the file was accessed and shared, and the date and time of infringement," *Malibu Media, LLC v. Doe*, No. 14-cv-4808-JS- SIL, 2016 WL 4574677, at *6 (E.D.N.Y. Sept. 1, 2016), (2) that the subpoena is limited and only seeks "concrete and narrow information: the name and address of the subscriber associated with [the defendant's] IP address[,]" *John Wiley & Sons, Inc. v. Doe*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012); and (3) that, because the internet service provider is the only entity that can identify a subscriber's identity with an IP address, there is "good cause to allow for [the] early discovery" of subpoenaing the ISP. *Next Phase Distribution, Inc. v. John Does, 1-27*, 284 F.R.D. 165, 171– 72 (S.D.N.Y. 2012).

Since Plaintiff is a repeat player in this arena, and Doe presumably an amateur, the Court notes that granting early discovery does not leave Doe without options to defend himself. First, the caselaw is unsettled as to whether pornographic content, such as Plaintiff's, is entitled to protection under copyright law. *See, e.g., Next Phase*, 284 F.R.D. at 171.  Second, even if Strike 3 voluntarily dismisses its claim, some courts have found that Doe defendants in these cases have standing to state a counterclaim, and may be able to pursue attorneys' fees, declaratory relief, or

other remedies. *Strike 3 Holdings, LLC v. Doe*, 849 F.App'x 183, 185-86 (9th Cir. 2021).

In light of experiences in this district, however, I find it necessary to impose additional conditions to protect the Defendant's privacy and ensure that the discovery process does not enable the plaintiff to engage in coercive settlement practices. In particular, this Court has granted dozens of motions filed by Strike 3 for leave to serve a third-party subpoena on defendants' ISPs. In nearly every case, Strike 3 has filed a notice of voluntary dismissal before any defendant appeared to answer the complaint or litigate the accuracy of Strike 3's geolocation techniques.[3] Accordingly, the motion to serve a third-party subpoena on the Defendant's ISP is GRANTED subject to the following conditions:

1.  Plaintiff may immediately serve a Rule 45 subpoena on defendant John Doe's ISP to obtain defendant's name and current and permanent address. Plaintiff is expressly *not* permitted to subpoena the ISP for defendant's e-mail addresses or telephone numbers. Plaintiff shall serve defendant's ISP with a copy of the complaint, this Order, and the subpoena.

2.  Because defendant John Doe is not necessarily the person who allegedly infringed, given the non-remote possibility that users other than the subscriber have used the IP address in question, the ISP will delay producing to plaintiff the subpoenaed information until after it has provided defendant John Doe with:

    a.  Notice that this suit has been filed naming defendant as the one that allegedly downloaded copyright-protected work;

    b.  A copy of the subpoena, the complaint filed in this lawsuit, and this

---

[3] *See, e.g.*, Case Nos. 3:17-cv-01667-AVC, 3:17-cv-01678-JCH, 3:17-cv-01679-MPS, 3:17-cv-01680-CSH, 3:17-cv-02039-MPS, 3:17-cv-02040-AWT, 3:17-cv-02041-AWT, 3:17-cv-02044-MPS, 3:17-cv-02045-AWT, 3:17-cv-02046-MPS, 3:17-cv-02047-AWT, 3:17-cv-02048-AWT, 3:17-cv-02049-AWT, 3:18-cv-00509-JAM, 3:18-cv-00510-VAB, 3:18-cv-00512-JBA, 3:18-cv-00513-JAM, 3:18-cv-00514-VLB, 3:18-cv-00669-VAB, 3:18-cv-00670- JBA, 3:18-cv-00671-VLB, 3:18-cv-00672-SRU, 3:18-cv-00673-JBA, 3:18-cv-00674-AWT, 3:18-cv-00675-AWT, 3:18-cv-00677-JAM, 3:18-cv-00679-JCH, 3:18-cv-00680-SRU, 3:18-cv-00681-CSH, 3:18-cv-00989-JAM, 3:18-cv-00990-MPS, 3:18-cv-00991-JAM, 3:18-cv-00993-AWT, 3:18-cv-00994-JBA, 3:18-cv-00995-SRU, 3:18-cv-00996- AWT, 3:18-cv-00997-AVC, 3:18-cv-00998-JBA, 3:18-cv-00999-VAB, 3:18-cv-01000-AVC, 3:18-cv-01001-VAB, 3:18-cv-01002-JBA, 3:18-cv-01328-AWT, 3:18-cv-01329-KAD, 3:18-cv-01330-MPS, 3:18-cv-01331-SRU, 3:18- cv-01332-CSH, 3:18-cv-01334-VLB, 3:18-cv-01335-VAB, 3:18-cv-01336-JCH, 3:18-cv-01337-VLB, 3:18-cv- 01338-MPS, 3:18-cv-01339-KAD, 3:18-cv-01340-MPS, 3:18-cv-01341-VLB, 3:18-cv-01342-AVC, 3:18-cv-01554- AWT, 3:18-cv-01555-MPS, 3:18-cv-01558-JCH, 3:18-cv-01559-JCH, 3:18-cv-01560-JAM, 3:18-cv-01562-AWT, 3:18-cv-01934-JCH, 3:18-cv-01936-AWT, 3:18-cv-01940-VLB, 3:18-cv-01945-JBA, 3:18-cv-02112-AVC, 3:18- cv-02121-JBA, 3:18-cv-02122-SRU, 3:18-cv-02124-JAM, 3:18-cv-02125-KAD, and 3:19-cv-1152-MPS.

Order; and

    c.   Notice that the ISP will comply with the subpoena and produce to plaintiff the information sought in the subpoena unless, within 60 days of service of the subpoena on defendant by the ISP, defendant files a motion to quash the subpoena or for other appropriate relief in this Court. If a timely motion to quash is filed, the ISP shall not produce the subpoenaed information until the Court acts on the motion.

3. Defendant's ISP will have 60 days from the date of service of the Rule 45 subpoena upon it to serve defendant John Doe with a copy of the complaint, this Order, and the subpoena. The ISP may serve defendant John Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first class mail or via overnight service.

4. Defendant John Doe shall have 60 days from the date of service of the Rule 45 subpoena and this Order upon him to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate anonymously. The ISP may not turn over the identifying information of defendant to plaintiff before the expiration of this 60-day period. Additionally, if defendant or the ISP files a motion to quash or modify the subpoena, or a request to litigate anonymously, the ISP may not turn over any information to plaintiff until the issues have been addressed and the Court issues an order instructing the ISP to resume turning over the requested discovery.

5. Plaintiff may only use the defendant's name and address, if obtained by defendant's ISP, for the purposes of this litigation. Plaintiff is ordered not to disclose the defendant's name or address, or any other identifying information other than defendant's ISP number that Plaintiff may subsequently learn. Plaintiff shall not threaten to disclose any of the defendant's identifying information.

6. Defendant's ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

7. Defendant's ISP shall confer with plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If defendant's ISP receives a subpoena and elects to charge for the costs of production, it shall provide a billing summary and cost report to plaintiff.

8. Any information ultimately disclosed to plaintiff in response to a Rule 45 subpoena may be used by plaintiff solely for the purpose of protecting plaintiff's rights in this litigation.

9. Plaintiff shall serve the ISP and file proof of such service within 14 days of this order.

10.     Defendant will be permitted to litigate this case anonymously unless and until the Court orders otherwise. The Court will not require defendant to proceed under his or her own name without providing the defendant an opportunity to challenge the disclosure of his or her identity, including an opportunity to challenge the technology used to identify defendant's IP address. Therefore, plaintiff is ordered not to publicly file any of defendant's identifying information and to file all documents containing defendant's identifying information under seal.

11.     **Plaintiff shall file on the docket, under seal, the terms of any settlement agreement with defendant John Doe. Should plaintiff choose to dismiss this case for reasons other than settlement, it shall file a statement so indicating and identifying those reasons on the docket. Failure to comply with this or any of the foregoing conditions will result in sanctions. Even after dismissal, the Court will retain jurisdiction for the purposes of enforcing this order.**

IT IS SO ORDERED.

_____/s/_____

Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
        August 7, 2026

7